**Clive GRAY, Plaintiff-Appellant,**

v.

**Page STEGNER and Lynn Stegner, Defendants–Cross–Defendants– Appellees,**

**Peter Reinke, Executor of the Estate of Penny Rainey, Defendant– Cross–Claimant–Appellee.**

**No. 05–0705.**

United States Court of Appeals, Second Circuit.

Dec. 15, 2005.

Thomas C. Nuovo (Richard A. Lang, on the brief), Bauer, Gravel, Farnham, Nuovo, Parker & Lang, Burlington, VT, for Appellant.

Matthew T. Daly, Daly & Daly, P.C., Burlington, VT, Judith A. Salamandra Corso, Reid & Balivet, Danville, CT, for Appellees.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff Clive Gray appeals from a judgment of the United States District Court for the District of Vermont (Jerome J. Niedermeier, *Magistrate Judge*), entered March 2, 2005, granting defendants' motion for summary judgment and dismissing plaintiff's complaint. We assume the parties' familiarity with the underlying facts and procedural history.

Plaintiff brought the instant diversity action seeking specific enforcement of a right of first refusal and the voiding of a sale transferring certain property from defendants Page and Lynn Stegner to defendant Penny Rainey. In an opinion dated January 14, 2005, Magistrate Judge Niedermeier rejected plaintiff's claims, concluding, *inter alia,* that (1) the operative language in the deed gave plaintiff a preemptive right to purchase the property in question, *Gray v. Stegner,* No. 03 Civ. 92, Opinion & Order, at 13–19 (D.Vt. Jan. 14, 2005); (2) once an offer to purchase the property had been made by defendant Rainey, plaintiff's preemptive right ripened into an option to purchase the property at the same price and under the same material terms as Rainey, *id.* at 22–23; (3) plaintiff failed to exercise his option to purchase the property "in a proper and timely manner" because he had not, at any time, proposed "an alternative, definite, closing date" as part of his purported offer to purchase, *id.* at 24–28; and (4) plaintiff's failure to act was not excused by any actions taken by the Stegners in an effort to frustrate plaintiff's performance, *id.* at 29–35. As a result, the Magistrate Judge granted defendants' motion for summary

**34**

judgment, denied plaintiff's motion for summary judgment, and dismissed plaintiff's case in its entirety. *Id.* at 37.

 Based on our independent assessment of the parties' submissions, the applicable case law, and the record on appeal, we conclude that the court below did not err in dismissing plaintiff's complaint.[1]

Accordingly, for substantially the reasons stated by the Magistrate Judge, the judgment of the District Court is hereby **AFFIRMED.**

---

1. We note, in this regard, that the Magistrate Judge erred in concluding that "there is no evidence that [plaintiff] attempted to obtain an appraisal after the initial attempt in October [2002]," *Gray*, No. 03 Civ. 92, Opinion & Order, at 33–34. *See* Aff. of Clive Gray, Mar. 12, 2004, Ex. L (plaintiff's letter of November 13, 2002 "request[ing] that [the Stegners] authorize the bank's appraiser . . . to access the property in order to conduct the appraisal"); *id.* Ex. P (email of November 22, 2002 by plaintiff's attorney referring to "the Stegners['] refus[al] to allow the appraiser access to the property" in October 2002); *id.* Ex. V (email of December 17, 2002 by plaintiff's attorney noting that "the last time [plaintiff] tried to arrange for an appraiser to visit the property, [the Stegners] declined to permit the visit," and stating "[t]hat's one thing we need to address ASAP in order to move this along").

The Magistrate Judge's erroneous *factual* finding, however, does not undermine the va-

lidity of his *legal* conclusion that plaintiff "would still not be entitled to relief," inasmuch as plaintiff "never provided an alternative, firm closing date" as part of any concrete offer to purchase the Stegner property. *See Gray*, No. 03 Civ. 92, Opinion & Order, at 34–35; *see also id.* at 34 n. 8 ("The Stegners' attorney was still communicating with [plaintiff's] attorney in the middle of December, but [plaintiff] never offered a definite date for closing."). In short, by failing to provide a firm closing date, plaintiff failed to match a term that was not only a "material" element of the Rainey offer, but that also was independent of plaintiff's repeated requests to conduct an appraisal. *See id.* at 27 ("After [plaintiff] rejected the closing date in [the] purchase and sale contract[,] it was incumbent upon him to offer an alternative date. . . . By failing to either match the material terms of the Rainey offer or even to present definite alternative terms, Gray rejected the option.").